UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON KILLIAN )
2227 N. College Avenue )
Fayetteville, AR  72703 )
479.442.9312 )
                 )
        Plaintiff )
                 )
   v. )   Civil Action No.
                 )
GEORGETOWN DAY SCHOOL )
4530 MacArthur Blvd. N.W. )
Washington, D.C.  20007 )
202.295.6200 )
                 )
        Defendant. )
                 )

COMPLAINT FOR DAMAGES
(Equal Employment Opportunity)

JURISDICTION AND VENUE

1.  This is an action to vindicate the right against racial discrimination in employment secured by the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and the District of Columbia Human Rights Act, D.C. Code §1401.01, et seq. ("DCHRA").  The Court has original jurisdiction of Plaintiff's Section 1981 claims pursuant to 28 U.S.C. §1343(3); and supplemental jurisdiction of Plaintiff's DCHRA claims pursuant to 28 U.S.C. 1367(a).

2.  Venue is proper in the District of Columbia pursuant to 28 U.S.C. §1391(b), in that the Georgetown Day School engaged in the practices at issue and has its principal place of business in the District of Columbia

PARTIES

3. Plaintiff Sharon Killian ("Plaintiff" or "Killian" hereafter) is an adult African American female employed as a faculty member in the Art Department of the High School operated by the Georgetown Day School at 4200 Davenport Street, N.W., Washington, D.C. 20016.

4. Defendant Georgetown Day School (or "GDS") is an educational institution located in the District of Columbia and an "employer" within the meaning of the DCHRA.

FACTS

5. Killian has been employed by GDS since 1993. Throughout the period of her employment, Killian and other African American faculty, staff and students have routinely been accorded terms and conditions at the School different from, and less favorable than, the treatment routinely accorded similarly situated white faculty, staff and students.

6. Killian has been subjected to regular and pervasive hostile treatment based on race: White colleagues who have been and are invariably polite and respectful in dealings with other white persons have treated and addressed her in rude and demeaning fashion, treated her as very junior member of the faculty throughout her tenure in the Art Department, denied her access to departmental space and resources on an equal basis, denied her consideration for course assignments on an equal basis, discouraged students from enrolling in her classes in the apparent hope there would be insufficient enrollments to justify them, wrongfully accused her of misconduct in handling departmental property, and otherwise denied her equal terms and conditions of employment as a faculty member and colleague at GDS on the basis of her race.

7. Killian has reported regular, pervasive and racially motivated hostile treatment to administrators and others at GDS, who have failed to intervene or otherwise prevent or ameliorate such hostile treatment despite repeated and specific notice of the same.

8. As a direct and proximate result of regular, pervasive and racially motivated hostile treatment as aforesaid, Killian has suffered racial discrimination, physical injury and mental distress, such that she was forced her to use leave prescribed by policy and practice at GDS, and delay her

return for the 2005-06 academic year.

9. Upon information and belief, regular, pervasive and racially motivated hostile treatment of the kind Killian has suffered at GDS would detrimentally affect any reasonable person of African American heritage.

10. Upon information and belief, Defendant GDS, through its officers, agents and/or employees has engaged in a regular, pervasive and racially motivated pattern and practice of hostile treatment against African American employees and students; and has otherwise denied African American employees and students equal terms and conditions of employment and student status on the basis of race.

## CLAIMS

### COUNT I: Section 1981 (Racial Discrimination)

11. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-10.

12. Defendant, through its officers, agents and/or employees, has subjected Plaintiff to regular, pervasive and racially motivated hostile treatment, and otherwise denied equal terms and conditions of employment on the basis of race, thereby denying Plaintiff the right to make and enforce contracts on the same basis and with the same freedom enjoyed by white citizens of the United States, all in violation of Section 1981.

13. Defendant, through its officers, agents and/or employees, has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous disregard of Plaintiff's rights.

14. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered racial discrimination, physical injury and mental distress.

COUNT II:  DCHRA (Racial Discrimination)

15.  Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-10.

16. Defendant, through its officers, agents and/or employees, has subjected Plaintiff to regular, pervasive and racially motivated hostile treatment, and otherwise denied equal terms and conditions of employment on the basis of race, in violation of the DCHRA.

17.  Defendant, through its officers, agents and/or employees, has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous disregard of Plaintiff's rights.

18. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered racial discrimination, physical injury and mental distress.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A.  That the practices complained of herein be adjudged, decreed and declared to be violative of the rights secured by Section 1981 and the DCHRA.

B.  That Plaintiff be awarded compensatory damages in an amount to be established at trial.

C.  That Plaintiff be awarded punitive damages in an amount to be established at trial.

D.  That the Court grant Plaintiff reasonable attorneys' fees and costs.

E.   That the Court grant such other and further relief as it may deem just and proper.

LAW OFFICE OF JOHN P. RACIN


_____

John P. Racin  Bar   No. 942003

1721 Lamont Street, N.W.
Washington, D.C.  20010
202  265-2516

Attorney for Plaintiff

Sharon Killian

<u>JURY DEMAND</u>

Plaintiff requests trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

_____
John P. Racin