IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 1:05CV01925 |
| ) | Judge Emmet G. Sullivan |
| GEORGETOWN DAY SCHOOL, ) | |
| 4530 MacArthur Blvd., NW ) | |
| Washington, DC  20007 ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Georgetown Day School, by its undersigned attorneys, answers the separately numbered paragraphs of the Complaint, as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint is a statement of jurisdiction to which no answer is required; to the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies the allegations made in that paragraph.

2. Defendant admits that its principal place of business is in the District of Columbia and that venue is proper in the District of Columbia, but denies any other allegations made in paragraph 2.

### PARTIES

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

**FACTS**

5. Defendant admits that Plaintiff is employed by Defendant, but denies any other allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

**COUNT I**
**(Section 1981—Racial Discrimination)**

11. Defendant incorporates by reference its responses to paragraphs 1 through 10 above in response to paragraph 11 of the Complaint.

12. To the extent that the allegations in paragraph 12 of the Complaint consist of a statutory citation, no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

**COUNT II**
**(D.C. Human Rights Act—Racial Discrimination)**

15. Defendant incorporates by reference its responses to paragraphs 1 through 10 above in response to paragraph 15 of the Complaint.

16. To the extent that the allegations in paragraph 16 of the Complaint consist of a statutory citation, no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

## JURY TRIAL

Defendant admits that Plaintiff demands a jury trial.

## DEFENSES

For defenses, whether affirmative or not, Defendant states:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Any conduct by Defendant which Plaintiff challenges in this lawsuit occurred for legitimate, non-discriminatory reasons unrelated to Plaintiff's race.

### Third Affirmative Defense

To the extent Plaintiff may have reported allegations of incidents to Defendant, Defendant took appropriate remedial measures to address those allegations.

### Fourth Affirmative Defense

Some or all of the relief requested, including but not limited to compensatory and punitive damages, is not available for one or more of Plaintiff's causes of action.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate her damages.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

**Seventh Affirmative Defense**

One or more of Plaintiff's causes of action is barred by the applicable statute of limitations.

Defendant reserves the right to amend or add defenses when they become available and/or known.

**WHEREFORE**, Defendant respectfully requests that the Court

    a)    dismiss this action with prejudice;

    b)    award Defendant its costs and attorneys' fees; and

    c)    grant Defendant such other relief as the Court deems proper.

Respectfully submitted,

/s Thomas S. Williamson, Jr.
Thomas S. Williamson, Jr.
D.C. Bar No. 217729
**COVINGTON & BURLING**
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000
(202) 662-6291 - Fax

Date:  October 20, 2005        **COUNSEL FOR DEFENDANT**