UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case Number 1:05CV01925 |
| | ) Judge Emmet G. Sullivan |
| GEORGETOWN DAY SCHOOL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PARTIES' JOINT MEET AND CONFER STATEMENT**

Undersigned counsel for the parties having met and conferred, they hereby submit a brief Statement of the Case and Joint Meet and Confer Statement in accordance with the requirements of Local Rule 16.3(c) and the Court's Order for Initial Scheduling Conference.

STATEMENT OF THE CASE

Plaintiff Sharon Killian (or "Killian") is an African American female. She has alleged that throughout the period of her employment at the Georgetown Day School ("GDS" or "the School") she and other African American faculty, staff and students have routinely been accorded terms and conditions at the School different from, and less favorable than, the treatment routinely accorded similarly situated white faculty, staff and students. Killian has alleged that she has been subjected to regular and pervasive hostile treatment on the basis of her race, in violation of 42 U.S.C. §1981 and the District of Columbia Human Rights Act. More specifically, she has alleged that white colleagues who are invariably polite and respectful in dealings with other white persons have treated and addressed her in rude and demeaning fashion, treated her as very junior member of the faculty throughout her tenure of her employment in the Art Department, denied her access to departmental space and resources on an equal basis, denied

her consideration for course assignments on an equal basis, discouraged students from enrolling in her classes in the apparent hope there would be insufficient enrollments to justify them, wrongfully accused her of misconduct in handling departmental property, and otherwise denied her equal terms and conditions of employment as a faculty member and colleague at GDS on the basis of her race.

GDS has denied that Killian, any other employee, or any student has been subjected to regular and pervasive hostile treatment, or any other discriminatory treatment on the basis of race. GDS has also asserted several defenses, including, among others, the applicable statute of limitations and the defense that any conduct by Defendant that Plaintiff challenges in this lawsuit occurred for legitimate, non-discriminatory reasons unrelated to Plaintiff's race. In addition, to the extent Plaintiff may have reported allegations of incidents to Defendant, Defendant took appropriate remedial measures to address those allegations.

## JOINT MEET AND CONFER STATEMENT

### I. Dispositive Motions

Without benefit of discovery, it is premature for either party to predict whether the case is likely to be resolved by dispositive motion.

### II. Joinder of Parties and Amendment of Pleadings

The parties have agreed to propose a deadline of March 3, 2006 for joinder of any additional parties and/or any amendment of the pleadings.

### III. Assignment to a Magistrate Judge

The parties do not assent to assignment of the matter to a Magistrate Judge for any purpose.

IV.    <u>Possibility of Settlement</u>

Settlement appears to be unlikely at this time, but the parties have agreed to revisit the prospects for settlement after discovery has been completed.

V.    <u>Alternative Dispute Resolution</u>

The parties have agreed to propose reference for mediation if necessary after the Court has decided any dispositive motions.

VI.    <u>Dates for Briefing Any Dispositive Motions</u>

The parties have agreed to propose that the Court direct any dispositive motions to be filed within 60 days of the close of discovery (in order to accommodate busy summer schedules), i.e., by September 14, 2006; that the Court direct any oppositions to be filed on or before October 14, 2006; and that the Court direct any replies to be filed on or before October 28, 2006.

VII.    <u>Initial Disclosures</u>

The parties agree to abide by the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1). Defendant has already submitted its Initial Disclosures to Plaintiff.

VIII.    <u>Discovery</u>

The parties have agreed to propose a period of six months, i.e., until July 17, 2006, within which to conclude discovery.

IX    <u>Expert Witness Reports and Fed.R.Civ.P. 26(a)(2)</u>

The parties have agreed to propose that the parties furnish any "proponent's" Rule 26(a)(2) reports on or before May 17, 2006; that the parties furnish any "opponent's" reports on or before June 16, 2006; and that the parties take any depositions of expert witnesses on or before the conclusion of discovery, July 17, 2006

X.   Class Action Status

The case has not been pled as a class action, nor does Plaintiff anticipate amending to seek class action certification.

XI.   Bifurcation or Management in Phases

The parties do not believe bifurcation or management of the case in phases would be appropriate.

XII.   The Date for Pretrial Conference

The parties have agreed to propose that the Court schedule a pretrial conference as necessary within 60 days of decision on any dispositive motion; or, if no dispositive motion is filed, within 60 days of the date dispositive motions are due (September 14, 2006), i.e., by November 13, 2006.

XIII.   Trial Date at Scheduling Conference

The parties request that the Court postpone scheduling a trial date until after the completion of discovery.

XIV.   Other Matters

The parties do not believe it necessary to address any other matters at this time.

Attached is a Proposed Scheduling Order which sets forth the proposed deadlines for discovery and other activity set forth above.

–5–

        Respectfully submitted,

| LAW OFFICE OF JOHN P. RACIN | COVINGTON & BURLING |
|---|---|
| /s John P. Racin | /s Thomas S. Williamson, Jr. |
| John P. Racin   Bar No. 942003 | Thomas S. Williamson, Jr.  Bar No. 217729 |
| 1721 Lamont Street, N.W. | 1201 Pennsylvania Avenue, N.W. |
| Washington, D.C. 20010 | Washington, D.C. 20004 |
| 202.265.2516 | 202.662.6000 |
| Attorney for Plaintiff | Attorney for Defendant |
| Sharon Killian | Georgetown Day School |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case Number 1:05CV01925 |
| | ) Judge Emmet G. Sullivan |
| GEORGETOWN DAY SCHOOL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**SCHEDULING ORDER**

The Court having considered the Parties' Joint Meet and Confer Statement and the premises of this case, it is this _____ day of January, 2006,

ORDERED, that the parties shall adhere to the following deadlines for discovery and other activity unless the schedule is otherwise modified by the Court on application of a party or the parties for good cause shown:

I.   Joinder of Parties and Amendment of Pleadings

The parties shall join any additional parties and/or move to amend the pleadings on or before March 3, 2006.

II.   Initial Disclosures

The parties shall abide by the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1).

III.   Discovery

The parties shall conclude all discovery on or before July 17, 2006.

IV.   Expert Witness Reports and Fed.R.Civ.P. 26(a)(2)

The parties shall furnish any "proponent's" Rule 26(a)(2) reports on or before May 17, 2006; furnish any "opponent's" reports be furnished on or before June 16, 2006; and take any

depositions of experts on or before the close of discovery, July 17, 2006.

  V.  <u>Dates for Briefing Any Dispositive Motions</u>

The parties shall file any dispositive motions on or before September 14, 2006; any oppositions shall be filed on or before October 14, 2006; and any replies shall be filed on or before October 28, 2006.

  VI.  <u>Alternative Dispute Resolution</u>

The Court shall not refer the matter for mediation at this time but the parties shall reconsider if necessary after any dispositive motions have been decided.

  VII.  <u>The Date for Pretrial Conference</u>

The Court will schedule a pretrial conference as necessary within 60 days of decision on any dispositive motion; and, if no dispositive motion is filed, will schedule a pretrial conference within 60 days of the date dispositive motions are due (September 14, 2006), i.e., by November 13, 2006.

             EMMET G. SULLIVAN
             UNITED STATES DISTRICT JUDGE