UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN          ) | |
|           Plaintiff,     ) | |
| ) | Civil Action No. 05-1925 (EGS) |
| ) | Next Scheduled Court Date: |
| GEORGETOWN DAY SCHOOL  ) |    Status Conference |
| ) | **SEPTEMBER 13, 2006 AT 10:30 A.M.** |
|           Defendant.    ) | |
| ) | |

**PARTIES' JOINT MOTION TO REQUEST AMENDMENT
TO THE SCHEDULING AND MAGISTRATE REFERRAL ORDER**

The last court appearance in this case was the Status Conference on January 17, 2006, and the case is currently in the discovery phase. Undersigned counsel for the parties having met and conferred, they hereby request the to Court amend its Scheduling and Magistrate Referral Order dated January 17, 2006 to reflect the dates approved by the Court at the Status Conference and otherwise reflected in the Parties' Joint Meet and Confer Statement.

**JOINT PROPOSED AMENDMENTS
TO THE SCHEDULING AND MAGISTRATE REFERRAL ORDER**

    I.     Joinder of Parties and Amendment of Pleadings

No deadline was established in the Scheduling and Magistrate Referral Order, and this was not discussed at the Status Conference. The parties propose a deadline of March 3, 2006 for joinder of any additional parties and/or any amendment of the pleadings.

    II.    Discovery

The parties request that the deadline for completion of discovery be changed to September 10, 2006, to reflect the Court's Minute Order and the Parties' understanding of the deadline established at the January 17, 2006 Status Conference.

III.    Number of Depositions

The Parties request that the Court increase the limit for depositions from five to ten.

IV.    Expert Witness Reports and Fed.R.Civ.P. 26(a)(2)

No deadline for furnishing of expert witness reports was discussed at the Status Conference. To accommodate summer schedules and allow sufficient time for depositions of expert witnesses after reports are furnished, the parties propose that the deadlines be amended to reflect the dates agreed upon in their Joint Meet and Confer Statement as follows: "proponent's" Rule 26(a)(2) reports shall be due on or before May 17, 2006 and "opponent's" reports shall be due on or before June 16, 2006. The parties shall take any depositions of expert witnesses on or before the conclusion of discovery, September 10, 2006.

V.    Dates for Briefing Any Dispositive Motions

The parties request that the deadlines for briefing dispositive motions be amended to reflect the parties' understanding of the Court's statements made at the Status Conference as follows: the parties shall file any dispositive motions on or before October 10, 2006 and any oppositions shall be filed on or before November 9, 2006.

Attached is a Proposed Amended Scheduling and Magistrate Referral Order which sets forth the proposed amendments described above.

                                                                 Respectfully submitted,

| | |
|---|---|
| LAW OFFICE OF JOHN P. RACIN | COVINGTON & BURLING |
| | |
| /s John P. Racin | /s Thomas S. Williamson, Jr. |
| John P. Racin   Bar No. 942003 | Thomas S. Williamson, Jr.  Bar No. 217729 |
| 1721 Lamont Street, N.W. | 1201 Pennsylvania Avenue, N.W. |
| Washington, D.C.  20010 | Washington, D.C.  20004 |
| 202  265-2516 | 202.662.6000 |
| Attorney for Plaintiff | Attorney for Defendant |
| Sharon Killian | Georgetown Day School |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   Case Number 1:05CV01925 |
| | )   Judge Emmet G. Sullivan |
| GEORGETOWN DAY SCHOOL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**AMENDED SCHEDULING AND MAGISTRATE REFERRAL ORDER**

Pursuant to the Status Conference held on **JANUARY 17, 2006**, and the Parties' Joint Motion to Request Amendment of the Scheduling and Magistrate Referral Order, it is hereby

ORDERED that:

(1) The parties shall join any additional parties and/or move to amend the pleadings on or before **MARCH 3, 2006**.

(2) Initial disclosures pursuant to Federal Rule 26(a)(1), Federal Rules of Civil Procedure, shall be made on or before **JUNE 15, 2006**. Discovery shall be completed by **SEPTEMBER 10, 2006**. Each party is limited to twenty-five interrogatories to any other party and ten depositions. "Proponent's" Rule 26(a)(2) disclosures shall be furnished by **MAY 17, 2006**. "Opponent's" Rule 26(a)(2) disclosures shall be furnished by **JUNE 16, 2006**.

(3) The parties shall file any dispositive motions on or before **OCTOBER 10, 2006**. Any oppositions shall be filed on or before **NOVEMBER 9, 2006**.

(4) The parties shall file a joint status report no later than 48 hours prior to each Status Conference scheduled with the Court. Parties are strongly encouraged to file a joint submission,

however, if the parties are unable to agree on a joint submission, individual reports may be filed. Submissions shall be approximately two pages and shall address the following: (1) the date of the last court appearance; (2) the current case status; (3) any pending motions; (4) any matters that the parties will be asking the Court to resolve at the Status Conference; and (5) the parties' recommendations as to how the case should proceed.

(5) Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (9) supra. Counsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees. Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(6) Any motion that does not comply with LCvR 7(m) will be, sua sponte, stricken by the Court from the record.

(7) Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.

(8) There shall be a further status conference in the courtroom of the undersigned Judge on **<u>SEPTEMBER 13, 2006 AT 10:30 A.M.</u>** Counsel must bring full settlement authority to this conference. If settlement is not reached, a pretrial conference date will be selected. Counsel must be prepared at the status conference to advise the Court of the expected length of trial and the number of fact and expert witnesses that party will present. The attorneys who will try this case before the Court are directed to appear at all hearings, unless excused by the Court in advance of the hearing date.

(9)  Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an ex parte basis.  In the event it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with either Judge Sullivan's secretary, Geri Kyler, at (202) 354-3260, or the courtroom deputy, Carol Votteler, at (202) 354-3152.  It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(10)  All dates in this Order are firm, may not be altered by the parties, and, absent truly exceptional and compelling circumstances, will not be altered by the Court.  Any request for an extension of time shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(11)  This case is referred to Magistrate Judge Alan Kay for settlement purposes.  Parties and persons with settlement authority are directed to attend the settlement sessions.

(12)  Counsel are admonished to read the Circuit's opinion in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.</u>, 101 F.3d 145, 152 (D.C. Cir. 1996) (in implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress's concern for the fair and efficient administration of justice).

(13)  The parties are directed to contact the Courtroom Technology Administrator, John Cramer, regarding the use of evidence-presentation technology or equipment no later than twenty-one (21) days prior to trial.  Mr. Cramer can be reached at (202) 345-3019.

**ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleadings filed electronically in the above captioned case to supernumerary attorneys of a law

firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

    IT IS SO ORDERED.

DATE:  January __, 2006                              EMMET G. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE