UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GEORGETOWN DAY SCHOOL )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1925 (EGS) |

CONSENT MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT

Plaintiff, through undersigned counsel, respectfully requests pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and the Amended Scheduling Order entered January 30, 2006 (permitting amendments to pleadings on or before March 3, 2006), that this Court grant leave to file the attached First Amended Complaint.

Respectfully submitted,

LAW OFFICE OF JOHN P. RACIN

/s/
John P. Racin   Bar   No. 942003

1721 Lamont Street, N.W.
Washington, D.C.  20010
202  265-2516

Attorney for Plaintiff
Sharon Killian

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON KILLIAN            )
                          )
        Plaintiff         )
                          )
    v.                    )     Civil Action No. 05-1925 (EGS)
                          )
GEORGETOWN DAY SCHOOL     )
                          )
        Defendant.        )
                          )

FIRST AMENDED COMPLAINT
(Equal Employment Opportunity)

JURISDICTION AND VENUE

1. This is an action to vindicate the right against discrimination in employment secured by the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and the District of Columbia Human Rights Act, D.C. Code §1401.01, et seq. ("DCHRA").  The Court has original jurisdiction of Plaintiff's Section 1981 claims pursuant to 28 U.S.C. §1343(3); and supplemental jurisdiction of Plaintiff's DCHRA claims pursuant to 28 U.S.C. 1367(a).

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §1391(b), in that the Georgetown Day School engaged in the practices at issue and has its principal place of business in the District of Columbia

PARTIES

3. Plaintiff Sharon Killian ("Plaintiff" or "Killian" hereafter) is an adult female person of color who until December 2005 was employed as a faculty member in the Art Department of the High School operated by the Georgetown Day School at 4200 Davenport Street, N.W., Washington, D.C. 20016.

4. Defendant Georgetown Day School ("GDS" or "School") is an educational institution located in the District of Columbia and an "employer" within the meaning of the DCHRA.

## FACTS

5. Killian was employed as a faculty member in the Art Department of the High School at GDS until December 2005. Throughout the period of her employment, Killian and other faculty, staff and students of color were routinely accorded terms and conditions at the School different from, and less favorable than, the treatment routinely accorded similarly situated white faculty, staff and students.

6. Killian was subjected to regular and pervasive hostile treatment based on race: White colleagues in the Art Department, including especially the Chairs of the Department, who were invariably polite and respectful in dealings with other white persons, treated and addressed Plaintiff in rude and demeaning fashion, treated her as very junior member of the faculty throughout her tenure in the Art Department, denied her access to departmental space and resources on an equal basis, denied her consideration for course assignments on an equal basis, discouraged students from enrolling in her classes in the apparent hope there would be insufficient enrollments to justify them, wrongfully accused her of misconduct in handling departmental property, and otherwise denied her equal terms and conditions of employment as a faculty member and colleague at GDS on the basis of her race.

7. Killian reported regular, pervasive and racially motivated hostile treatment to administrators and others at GDS, who failed to intervene or otherwise prevent or ameliorate such racially abusive and hostile treatment despite repeated and specific notice of the same.

8. As a direct and proximate result of regular, pervasive and racially motivated hostile treatment from white colleagues as aforesaid, Killian suffered racial discrimination, physical injury and mental distress, such that she was unable to return to School for the 2005-06 academic year and forced to take leave prescribed by GDS policy and practice.

9. On September 29, 2005, Killian filed this law suit alleging in part that during the course of her employment she had been victimized by a regular, pervasive and racially motivated hostile treatment.

10. Killian was afforded short-term disability leave based on her inability to return to work, leave which she exhausted in November 2005. Her application for long-term disability remained pending as of March 3, 2006.

11. In December 2005, at a time when administrators at the School were aware Killian's application for long-term disability remained pending, and when her potential ability to return to the faculty remained unknown to them, GDS gave notice that Killian's tenure on the School's "employee roster" was at an end. Upon information and belief, this notice was tantamount to termination, effective on or about December 16, 2005.

12. Upon information and belief GDS terminated Killian's employment as aforesaid in order to retaliate against and punish her for initiating this judicial proceeding to challenge treatment at the School she reasonably believed to be discriminatory on the basis of race.

13. Upon information and belief, any reasonable person of color subjected to the regular, pervasive and racially motivated hostile treatment afforded Killian during the course of her employment at GDS would find the discriminatory terms and conditions of employment so utterly intolerable that she or he would be unable to continue working at the School.

14. Upon information and belief, any reasonable person of color subjected to the regular, pervasive and racially motivated hostile treatment afforded Killian would have been detrimentally affected by the experience.

15. Upon information and belief, Defendant GDS, through its officers, agents and/or employees has engaged in a regular, pervasive and racially motivated pattern and practice of hostile treatment against African American employees and students; and has otherwise denied African American employees and students equal terms and conditions of employment and student status on the basis of race.

## CLAIMS

### COUNT I:  Section 1981 (Racial Discrimination)

16. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15.

17.  Defendant, through its officers, agents and/or employees, has subjected Plaintiff to regular, pervasive and racially motivated hostile treatment, otherwise denied equal terms and conditions of employment, subjected her to a constructive discharge and formal termination, all on the basis of race, thereby denying Plaintiff the right to make and enforce contracts on the same basis and with the same freedom enjoyed by white citizens of the United States, in violation of Section 1981.

18. Defendant, through its officers, agents and/or employees, has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous disregard of Plaintiff's rights.

19.  As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered racial discrimination, economic and physical injury, and mental distress.

### Count II: Section 1981 (Retaliation)

20. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15.

21. Defendant, through its officers, agents and/or employees, terminated Plaintiff at a time when her potential ability to return to work was unknown to administrators at the School, and did so in order to retaliate against and punish her for initiating this judicial proceeding to challenge treatment at the School she reasonably believed to be discriminatory on the basis of race, in further violation of Section 1981.

22. Defendant, through its officers, agents and/or employees, has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous disregard of Plaintiff's rights.

23.  As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered retaliation, economic and physical injury, and mental distress.

### COUNT III:  DCHRA (Racial Discrimination)

24.  Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15.

25. Defendant, through its officers, agents and/or employees, has subjected Plaintiff to regular, pervasive and racially motivated hostile treatment, otherwise denied equal terms and conditions of employment, subjected her to a constructive discharge and formal termination on the basis of race, all in violation of the DCHRA.

26.  Defendant, through its officers, agents and/or employees, has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous disregard of Plaintiff's rights.

27.  As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered racial discrimination, economic and physical injury and mental distress.

### COUNT IV: DCHRA (Retaliation)

28.  Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15.

29.  Defendant, through its officers, agents and/or employees, terminated Plaintiff at a time when her potential ability to return to work was unknown to administrators at the School, and did so in order to retaliate against and punish her for initiating this judicial proceeding to challenge treatment at the School she reasonably believed to be discriminatory on the basis of race, in further violation of the DCHRA.

30.  Defendant, through its officers, agents and/or employees, has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous disregard of Plaintiff's rights.

31. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered retaliation, economic and physical injury, and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A. That the practices complained of herein be adjudged, decreed and declared to be violative of the rights secured by Section 1981 and the DCHRA.

B. That Plaintiff be awarded compensatory damages in an amount to be established at trial.

C. That Plaintiff be awarded punitive damages in an amount to be established at trial.

D. That the Court grant Plaintiff reasonable attorneys' fees and costs.

E. That the Court grant such other and further relief as it may deem just and proper.

LAW OFFICE OF JOHN P. RACIN

/s/
John P. Racin Bar   No. 942003

1721 Lamont Street, N.W.
Washington, D.C.  20010
202  265-2516

Attorney for Plaintiff
Sharon Killian

## JURY DEMAND

Plaintiff requests trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/
John P. Racin