IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 1:05CV01925 |
| ) | Judge Emmet G. Sullivan |
| GEORGETOWN DAY SCHOOL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant Georgetown Day School, by its undersigned attorneys, answers the separately numbered paragraphs of the Complaint, as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Amended Complaint is a statement of jurisdiction to which no answer is required; to the extent a response is deemed necessary, Defendant denies the allegations made in paragraph 1 of the Amended Complaint.

2. Defendant admits that its principal place of business is in the District of Columbia and that venue is proper in the District of Columbia, but denies any other allegations made in paragraph 2 of the Amended Complaint.

**PARTIES**

3. Defendant admits the allegations in paragraph 3 of the Amended Complaint.

4. Defendant admits the allegations in paragraph 4 of the Amended Complaint.

**FACTS**

5.  Defendant admits that Plaintiff was employed by Defendant until December 2005, but denies any other allegations in paragraph 5 of the Amended Complaint.

6.  Defendant denies the allegations in paragraph 6 of the Amended Complaint.

7.  Defendant denies the allegations in paragraph 7 of the Amended Complaint.

8.  Defendant denies the allegations in paragraph 8 of the Amended Complaint.

9.  Defendant admits the allegations in paragraph 9 of the Amended Complaint.

10. Defendant is without information sufficient to form a belief regarding the allegations in paragraph 10 of the Amended Complaint, except Defendant admits that Plaintiff's application for long-term disability remained pending as of March 3, 2006.

11. Defendant is without information sufficient to form a belief regarding the allegations in paragraph 11 of the Amended Complaint except Defendant admits that Plaintiff was terminated as an employee, effective on or about December 16, 2005.

12. Defendant denies the allegations in paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations in paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint.

**COUNT I**
**(Section 1981—Racial Discrimination)**

16. Defendant incorporates by reference its responses to paragraphs 1 through 15 above in response to paragraph 16 of the Amended Complaint.

17. To the extent that the allegations in paragraph 17 of the Amended Complaint consist of a statutory citation, no response is required; to the extent a response is deemed

2

necessary, Defendant admits that it has formally terminated Plaintiff's employment, and otherwise denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of the Amended Complaint.

## COUNT II
### (Section 1981—Retaliation)

20. Defendant incorporates by reference its responses to paragraphs 1 through 15 above in response to paragraph 20 of the Amended Complaint.

21. To the extent that the allegations in paragraph 21 of the Amended Complaint consist of a statutory citation, no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations in paragraph 23 of the Amended Complaint.

## COUNT III
### (D.C. Human Rights Act—Racial Discrimination)

24. Defendant incorporates by reference its responses to paragraphs 1 through 15 above in response to paragraph 24 of the Amended Complaint.

25. To the extent that the allegations in paragraph 25 of the Amended Complaint consist of a statutory citation, no response is required; to the extent a response is deemed necessary, Defendant admits that it has formally terminated Plaintiff's employment, and denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations in paragraph 27 of the Amended Complaint.

## COUNT IV
### (D.C. Human Rights Act—Retaliation)

28. Defendant incorporates by reference its responses to paragraphs 1 through 15 above in response to paragraph 28 of the Amended Complaint.

29. To the extent that the allegations in paragraph 29 of the Amended Complaint consist of a statutory citation, no response is required; to the extent a response is deemed necessary, Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations in paragraph 31 of the Amended Complaint.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

## JURY TRIAL

Defendant admits that Plaintiff demands a jury trial.

## DEFENSES

For defenses, whether affirmative or not, Defendant states:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory or harassing behavior, and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

4

### Third Affirmative Defense

Some or all of the relief requested, including but not limited to compensatory and punitive damages, is not available for one or more of Plaintiff's causes of action.

### Fourth Affirmative Defense

Plaintiff has failed to mitigate her damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

### Sixth Affirmative Defense

One or more of Plaintiff's causes of action is barred by the applicable statute of limitations.

Defendant reserves the right to amend or add defenses when they become available and/or known.

**WHEREFORE**, Defendant respectfully requests that the Court

    a)    dismiss this action with prejudice;

    b)    award Defendant its costs and attorneys' fees; and

    c)    grant Defendant such other relief as the Court deems proper.

Respectfully submitted,

/s  Thomas S. Williamson, Jr.
Thomas S. Williamson, Jr.
D.C. Bar No. 217729
**COVINGTON & BURLING**
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000
(202) 662-6291 - Fax

Date:   March 23, 2006                **COUNSEL FOR DEFENDANT**

5