IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 1:05CV01925 |
| ) | Judge Emmet G. Sullivan |
| GEORGETOWN DAY SCHOOL, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY DOCUMENTS AND INFORMATION

IT IS HEREBY STIPULATED by and among the parties to the above-entitled action that the discovery, use and disclosure of certain confidential commercial and personnel information in this action shall be subject to the following terms and conditions.

1. **RECITAL**

The parties enter into this Stipulated Protective Order (this "Order") to facilitate expeditious discovery, establish a mechanism for resolving particular disputes as they arise, protect against unauthorized disclosure of confidential information and ensure that such information is used solely in this litigation.

2. **SCOPE OF THE PROTECTIVE ORDER**

(a) This document applies to all information produced by the Georgetown Day School (the "School") in response to the Plaintiff's First Set of Interrogatories and First Request for Production of Documents. To the extent that any language in this Order may conflict with or may be rendered superfluous or ambiguous by this subparagraph 2(a), the terms of this subparagraph shall supersede any such conflicting, superfluous, or ambiguous language.

DC: 2091373-1

(b)     The School may designate as "CONFIDENTIAL" any information produced, filed, or otherwise disclosed by it in this action. The designation shall be based on a good faith belief that the designated information consists of proprietary business information or sensitive personal information not normally available to the public or to persons or entities outside the producing entity (be it a party or a non-party source) and its affiliates. Information so designated may be used solely for purposes of this litigation and may be disclosed only to the extent set forth below. Plaintiff may at any time serve a written notice of objection to the designation of information as "CONFIDENTIAL." The notice shall identify specifically the information from which the Plaintiff wishes to have the designation removed and specify the reasons for wishing to do so. Within ten (10) days of actual receipt of such notice, or such longer period as the parties may agree, the School shall notify Plaintiff in writing whether the School will agree to remove the designation as requested. Absent such agreement, the Plaintiff may move for an order declassifying the specified information.

(c)     Except as expressly provided herein, no person or entity who is not presently a party to this action shall be afforded access to information designated as "CONFIDENTIAL" without further order of the Court.

(d)     Any materials, including, but not limited to, notes, exhibits, charts, summaries, pleadings or other documents, created or produced by the School in response to the Plaintiff's First Set of Interrogatories and First Request for Production of Documents that contain materials designated as "CONFIDENTIAL" shall be treated as though they had themselves been so designated.

3.  DESIGNATION OF INFORMATION

(a)  With respect to documents produced by the School, the copy of the document when produced shall bear the following legend on each page:

**"CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER"**

(b)  If the School inadvertently fails to make a designation pursuant to this Protective Order (or marks an item with an incorrect designation of confidentiality) at the time of production, the School shall correct its failure within a reasonable time after such determination is made. Such correction and notice thereof shall be made in writing and accompanied by substitute copies of each item appropriately designated. Within five (5) days of receipt of the substitute copies, the Plaintiff shall return or destroy the previously unmarked (or improperly marked) items and all copies thereof.

(c)  For the purpose of this Protective Order, a document shall be deemed to have been "produced" when it has been copied and delivered to the Plaintiff. It shall not be necessary to designate information as "CONFIDENTIAL" when the originals are first made available for inspection and before any copies have been provided. During the period between inspection and production all information made available for inspection will be treated as "CONFIDENTIAL."

4.  USE OF INFORMATION

Information designated "CONFIDENTIAL" under this Protective Order shall be used solely for the purpose of litigating this matter, and shall not be used or disclosed for any other purpose whatsoever, unless the School consents in writing to such other uses or the Court orders otherwise upon notice and motion. Such information shall be kept in secure, limited-access facilities (including, but not limited to, the law offices of counsel for the parties) and may be disclosed only as set forth herein. Until further order of the Court, counsel for each party

3

shall retain the originals of each Agreement in the form attached hereto as Exhibit A that is executed pursuant to paragraph 5 or 6, below.

5. DISCLOSURE OF CONFIDENTIAL INFORMATION

Counsel for Plaintiff may disclose or permit disclosure of information designated as "CONFIDENTIAL" under this Protective Order only to:

(a) Counsel for any party working on this matter, including counsel for the insurer of either party, and any paralegal or clerical employees assisting them;

(b) The Court and other personnel of the U.S. District Court for the District of Columbia, court system;

(c) Court reporters or videographers in any jurisdiction who are engaged in this matter, and who, prior to disclosure, have agreed to be bound by this Protective Order by executing an Agreement in the form attached hereto as Exhibit A;

(d) Outside copying services and other vendors retained by counsel to assist in the copying, imaging, coding, or computerization of documents, and who, prior to disclosure, have agreed to be bound by this Protective Order by executing an Agreement in the form attached hereto as Exhibit A;

(e) For any given document, any person who was either an original author or recipient of the document and who, prior to disclosure, has agreed to be bound by this Protective Order by executing an Agreement in the form attached hereto as Exhibit A;

(f) Outside consultants or experts, and their employees and assistants, retained to assist counsel with respect to this matter, and who, prior to disclosure, have agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A;

(g)    The Plaintiff, if, prior to disclosure, she has agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A.

6. COPIES, DUPLICATES, EXTRACTS, SUMMARIES, OR DESCRIPTIONS OF CONFIDENTIAL INFORMATION

Except with the written consent of the School, counsel for the Plaintiff shall not use or make copies, duplicates, extracts, summaries, or descriptions of information designated as "CONFIDENTIAL" under this Protective Order or any portion thereof except as may be reasonably necessary in connection with preparation for and trial or hearing of this matter, and any appeals therefrom. Any such copies, duplicates, extracts, summaries, or descriptions shall be marked with the appropriate legend as set forth in subparagraph 3(a) and accordingly be treated as "CONFIDENTIAL" under this Protective Order.

7. NON-APPLICABILITY

The provisions of this Protective Order shall not apply (a) if the School specifically waives in writing the protective conditions set forth in this Order with respect to the use of any information, whether generally or for a specified purpose; or (b) if information is lawfully acquired by the Plaintiff or her counsel without use of or reliance upon any information designated by the School as "CONFIDENTIAL." Under either circumstance, the information may be disclosed without regard to the provisions of this Protective Order.

8. COURT PROCEEDINGS

(a)    To the extent that a document to be filed with the Court may reveal information designated as "CONFIDENTIAL," any portion of the document containing designated information shall be marked as set forth in subparagraph 3(a) and filed in a sealed envelope. All pleadings and other court filings that contain "CONFIDENTIAL" materials shall

5

include on the first page of such document and all copies thereof, a statement substantially to the effect that "THIS DOCUMENT CONTAINS CONFIDENTIAL MATERIALS." The service copies shall also be so marked. All copies shall be withheld from public disclosure as provided herein, except upon order of the Court.

(b)     Nothing contained in this Order shall be construed to prejudice the Plaintiff's right to use at trial or in any open hearing before the Court any "CONFIDENTIAL" material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the School to arrange for appropriate safeguards or to challenge such use. The use of any information designated as "CONFIDENTIAL" in any court proceeding shall not cause it to lose its designated status, and the Plaintiff shall take all steps reasonably required to protect its confidentiality during such use. The parties should cooperate in advance of trial or hearing to minimize the need for continuing the protected status of such information.

(c)     Designation of any material as "CONFIDENTIAL" shall not be made known to the jury in any manner.

(d)     Notwithstanding any provision herein, the parties recognize that the Court shall be the final arbiter as to whether any filed document shall be withheld from public disclosure.

9.     RESPONSE TO SUBPOENA OR OTHER PROCESS

Nothing herein shall prevent the Plaintiff from producing "CONFIDENTIAL" information in response to a subpoena or other compulsory, judicial or administrative process; provided that the Plaintiff receiving such subpoena or process (a) shall promptly send a copy of such subpoena or process to the School by facsimile so as to afford the School a reasonable opportunity to seek a protective order; and (b) if application for a protective order is made

promptly and before the return date, shall not produce such "CONFIDENTIAL" information before the application is denied or before receiving written consent of the School, unless ordered to do so.

10. TERMINATION OF ACTION

(a) The provisions of this Protective Order shall survive after termination of this action. All parties and persons subject to this Protective Order shall take reasonable precautions to maintain the information in accordance with the terms of this Protective Order.

(b) All material designated as "CONFIDENTIAL" shall remain in the possession of the counsel for the Plaintiff, and he shall not permit any such material to leave his possession, except that copies of such material may be made for the use of those assisting counsel for the Plaintiff to whom disclosure may be made under paragraph 5, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is finally concluded, the Plaintiff shall, at the election of the School, either: (i) return all documents and copies containing "CONFIDENTIAL" (including, but not limited to, copies in the possession or control of any expert) to the School, or (ii) promptly destroy all such materials; and shall provide written certification under oath to the School that whatever procedure the School elected was fully performed. Counsel for Plaintiff may retain one full office file of pleadings, briefs, and transcripts notwithstanding that they may contain "CONFIDENTIAL" or materials.

(c) The clerk shall maintain under seal all papers filed under seal with the Court as to which a claim of confidentiality was made.

11. NON-WAIVER

By designating any material "CONFIDENTIAL," the School does not acknowledge that any such material is relevant or discoverable in this action. This Order shall

7

not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

12. MODIFICATION

The Court may modify this Protective Order at any time for good cause shown and upon notice to the affected parties.

13. RETENTION OF JURISDICTION

This Court shall retain jurisdiction over all persons to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order.

14. EFFECTIVE DATE

The parties agree that this Order shall be effective as of March 23, 2006.

DATED: 3/24, 2006

_____
Thomas S. Williamson, Jr.
*Counsel for Defendant*

_____
John P. Racin
*Counsel for Plaintiff*

APPROVED AND SO ORDERED:

_____
Judge Sullivan

8

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____(print or type name), am employed by _____. I hereby acknowledge that I have received a copy of the Protective Order entered in the action pending in the United States District Court for the District of Columbia, entitled *Killian v. Georgetown Day School*, Case Number 1:05CV01925 (EGS), and understand the limitations it imposes on the use and disclosure of information designated as "CONFIDENTIAL." I agree to be bound by all of the terms of such Protective Order. I also consent to the jurisdiction of the United States District Court for the District of Columbia for the resolution of any disputes regarding my compliance with this Agreement and the terms of such Protective Order.

DATED:_____       _____