# Exhibit 23

# Affidavit of John P. Racin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON KILLIAN            )
                          )
          Plaintiff       )
                          )
     v.                   )    Civil Action No. 05-1925 (EGS)
                          )
GEORGETOWN DAY SCHOOL     )
                          )
          Defendant.      )
_____)

## AFFIDAVIT OF JOHN P. RACIN

JOHN P. RACIN hereby certifies the following is true, correct and based on personal knowledge:

1. I have had the privilege of representing Sharon Killian since some time in June 2004. For approximately fourteen months our efforts were devoted exclusively to resolving the matter without resort to litigation.

2. In late August 2005 defense counsel informed me that he had been directed him to say GDS would not budge from a position taken months earlier. I assumed that meant the School preferred a lawsuit to any additional movement in my client's direction.

3. I expressed some exasperation at the time lost - Mrs. Killian client could have been fourteen months closer to resolution - and said I should have insisted on a tolling agreement the previous year as the School proceeded with a purported "investigation" of the claims.

4. Defense counsel offered a tolling agreement covering his entry in the matter several months before. I considered it a gracious offer, but without much practical significance in light of the relatively brief period of counsel's involvement, and in light of the generous limitations period applicable to suits under Section 1981.

5. Counsel mailed the agreement some time in early September, and it remained in my inbox during a very busy period until the very day I intended to file suit. It occurred to me I had not returned the tolling agreement, and, not wanting to return kindness with less than gracious behavior, I signed and returned it. I do not recall my "thought" process (if any thought could have preceded such a brainless act), and have no ready explanation for returning a tolling agreement one day before expiration of the period during which we agreed to <u>refrain</u> from suit.

6. I did not realize the mistake until after my client's deposition, and then apologized to defense counsel for an oversight I am still cannot explain.

7. However, since defense counsel had made clear his client would not budge and negotiations were at an end, filing suit on September 29, 2005 did not affect the parties' ability to arrive at agreement by September 30, 2005 (the date the tolling agreement was to expire).

Date: _January 9, 2007_

_____
JOHN P. RACIN