UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1925 (EGS) |
| ) | |
| GEORGETOWN DAY SCHOOL ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>ERRATA</u>

Plaintiff hereby submits several errata to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memorandum"), and apologizes to the Court and opposing counsel for the original errors and any resulting inconvenience. Corrections are in bold type.

1. Page 3: The record references on the eighth line of the second paragraph should have appeared as follows: "Ex. 5 (Elizabeth Denevi "Mediation" Notes, Bates 2792); Ex. 6 (Mariama Richards "Mediation" Notes, Bates **2847**)."

2. Page 16: The first clause of the second sentence of the first paragraph should have appeared as follows: "She testified that Mr. Barr phoned one of the School's diversity coordinators Mariama **Richards** asking that she come to his office immediately ...."

3. Page 19: The following record reference should have appeared at the end of the first line of the page. **"Defendant's Exhibit 15, Branch Declaration, ¶ 19."**

4. Page 19: The third sentence of the second full paragraph should have appeared as follows: "It has not troubled to have the attorney/investigator involved authenticate it, nor

bother**ed** to suggest a basis the admissibility for substantive content that is in most respects self-serving and obvious hearsay."

5. Page 19: The record references at the end of the second full paragraph should have appeared: "Defendant's Exhibit 26 **(Pass Report, p. 14)**. <u>But</u> <u>see</u> Ex. 2, Oliver Affidavit, ¶ **5**; **Exhibit 24, Edghill Affidavit;** Exhibit 4, Killian Affidavit, ¶ 11."

6. Page 20: The following record reference should have appeared at the end of the last paragraph: "**Defendant's Exhibit 43 (Racin-Pass Correspondence, April 14, 2005).**"

7. Page 21: The third paragraph should have appeared as follows: "The School suggest**s** the sale of the family home in Virginia **indicates** otherwise, but, as Mrs. Killian testified, 'GDS and I were in what were to have been some negotiations. They had asked me previously about the option of not coming back to school as one of the things that I, that could be part of a settlement agreement. So, it wasn't unusual that could be a possibility. We were, the market was great, and we sold our little house.' Ex. 3, Killian Deposition at **629-30**."

Respectfully submitted,

LAW OFFICE OF JOHN P. RACIN

/s/
John P. Racin   Bar No. 942003

1721 Lamont Street, N.W.
Washington, D.C.  20010
202.265.2516

Attorney for Sharon Killian