IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 05-1925 (EGS) |
| | ) |
| GEORGETOWN DAY SCHOOL, | ) |
| | ) |
| | ) |
|       Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT EXHIBIT 6**

Defendant Georgetown Day School ("GDS" or "School"), by its undersigned counsel, submits this Response to Plaintiff's Motion for Leave to Supplement Plaintiff's Exhibit 6 in Opposition to Summary Judgment.

GDS does not oppose Plaintiff's Motion to supplement the record with additional exhibits. GDS does, however, wish to address briefly Plaintiff's assertion in her Motion (at ¶ 2) that the notes from the mediation "help show that the School's co-directors of diversity [Mariama Richards and Elizabeth Denevi] indeed failed to document Mrs. Killian's report of Nick Ryan's conduct of February 20, 2004." This statement is unsupported by the record and should be disregarded by the Court.

GDS pointed out in its Reply (at 17) that Defendant's statement that the mediators "**did not** trouble to document the conduct reported by Mrs. Killian" was highly misleading in light of the five pages of notes which Plaintiff acknowledges she previously omitted including with her Opposition. In those notes, the mediators **do** document Plaintiff's reported complaints. Now, Plaintiff asserts in her Motion to Supplement (at ¶ 2) the much narrower claim that the mediators

"failed to document" a single incident: "Nick Ryan's conduct of February 20, 2004." Plaintiff's revised argument also should be rejected.

It is simply not accurate to say that the mediators "failed" to record Plaintiff's views regarding the February 2004 incident. The mediators' notes clearly refer to the incident, to Plaintiff's feeling that Ryan should apologize for the incident, and to Plaintiff's statement that he had insulted her.[1] In addition, the omitted mediation notes, hand-written by Richards and Denevi, employ language substantially similar to that which Plaintiff uses in her own memoranda (see, e.g., the language used to describe Ryan's alleged failure to be "equitable,"[2]

---

[1] Richards' Notes at 2857 ("Nick hasn't really apologized since the incident."); Denevi's Notes at 2784 ("Sharon—suffering—No sorry, no apology. Feels like 'dirt beneath his shoe.'").

At her deposition, Denevi could not remember whether the above-quoted language referred specifically to Ryan's February 2004 comment or to Plaintiff's feelings regarding Ryan more generally. Richards, however, remembered that the "incident" referred specifically to Ryan's February 2004 comment to Plaintiff. See Ex. 8 attached to Def.'s Mot. for Summary Judgment at 23–24 (hereinafter "Richards Dep.") ("Q: There is no reference to the comment as reported by Mrs. Killian, is that right? A: There's only one small piece to it, and that is the line that says on the very last three lines, which is: Nick hasn't really apologized since the incident."). The two mediators' notes track each other closely, so it is fair to infer that Denevi's notes regarding Plaintiff's desire for an apology from Ryan, which appear in the last few lines of Denevi's notes, likewise refer to Ryan's comment.

[2] Compare Ex. 3 attached to Def.'s Reply at 2857 (hereinafter "Richards' Notes") ("Nick's Leadership style . . . not usually equitable") and Ex. 4 attached to Def.'s Reply at 2783 (hereinafter "Denevi's Notes") ("[Nick's] style of leadership . . . not equitable") with Ex. 29 attached to Def.'s Mot. for Summary Judgment at 2636 (hereinafter "Branch Memo") ("Nick was hired . . . to create an equitable . . . environment. This has been a failure.") and Ex. 30 attached to Def.'s Mot. for Summary Judgment at 2643 (hereinafter "Pass Memo") ("Nick Ryan did not work toward providing equity in the department as he was hired to do . . . .").

Plaintiff's alleged exclusion from Art Department meetings,[3] the alleged inequitable allocation of financial resources,[4] and the February 2002 incident[5]).

For the reasons discussed above, the Court should disregard Plaintiff's assertion (at ¶ 2)that the notes from the mediation "failed to document Mrs. Killian's report of Nick Ryan's conduct of February 20, 2004."


Dated:  March 9, 2007                                  Respectfully submitted,


  /s Thomas S. Williamson, Jr.
Thomas S. Williamson, Jr. (D.C. Bar No. 217729)
Timothy R. Clinton (D.C. Bar No. 497901)
**COVINGTON & BURLING LLP**
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000
(202) 778-5218 - Fax

**COUNSEL FOR DEFENDANT**

---

[3] Compare Richards' Notes at 2856 ("Side meetings going on without her.") and Denevi's Notes at 2782 ("casual meetings between Laura & Nick—they will do what they want to do") with Pass Memo at 2644 ("These approvals must occur in the informal meetings from which I'm excluded.").

[4] Compare Richards' Notes at 2856 ("Others able to order → her orders are question[ed].") and Denevi's Notes at 2782 ("Questioned about $ → petty stuff") with Branch Memo at 2634 ("My annual requests for capital budget items . . . are often belittled and challenged by Ryan & Tolliver.") and Pass Memo at 2646 ("Disproportionate and inequitable allocation of supplies, especially for larger expenditure[s] from the capital budget items but including trivial items . . . .").

[5] Compare Richards' Notes at 2856 (discussing the February 2002 incident) and Denevi's Notes at 2782–83 (same) with Branch Memo at 2633 (same) and Pass Memo at 2642 (same).

## CERTIFICATE OF SERVICE

I, Timothy R. Clinton, hereby certify that on this date I caused a true and correct copy of the above document, Defendant's Response to Plaintiff's Motion for Leave to Supplement Exhibit 6, to be served upon Plaintiff's attorney as follows:

> **BY E-MAIL AND ECF:**
> John Racin
> 1721 Lamont Street, N.W.
> Washington, DC  20010
> 202 265-2516
> awjrlaw@erols.com

Dated: March 9, 2007

    /s Timothy R. Clinton
    Timothy R. Clinton