UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON KILLIAN )<br>)<br>       Plaintiff )<br>)<br>  v. )<br>)<br>GEORGETOWN DAY SCHOOL )<br>)<br>       Defendant. )<br>_____) | Civil Action No. 05-1925 (EGS) |

REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT EXHIBIT 6

    Defendant apparently decided against opposing Plaintiff's Motion for Leave to Supplement Exhibit 6 (Plaintiff noted in the Motion defense counsel's representation the School would oppose the request).  However, it has persisted in arguing that Plaintiff's assertion the School's diversity coordinators "'did not trouble to document the conduct reported by Mrs. Killian' was highly misleading in light of the five pages of notes which Plaintiff acknowledges she previously omitted ....  In those notes, the mediators do document Plaintiff's reported complaints."  Defendant's Response at 1.

    However, the context in which the "conduct reported by Mrs. Killian" appeared in Plaintiff's Memorandum of Points and Authorities in Opposition to Summary Judgment ("Plaintiff's Memorandum") does indeed make clear "conduct" in that instance referred to specific behavior on Mr. Ryan's part that took place February 20, 2004, the date of the pivotal episode that spawned the controversy culminating in this lawsuit:

> In February 2004, the very period the expulsion decision was under challenge, Mrs. Killian reported grossly offensive and racist **conduct** on the part of the Department Chair Mr. Ryan (whom she described as saying, "Sharon, I can't bend down low enough to the ground to understand you," while bending

>low in his chair and making ape-like gestures, Ex. 3, Deposition of Sharon Killian at 302).  The evidence shows that Ms. Denevi and Ms. Richards, rather than undertake a meaningful investigation, instead engaged in a sham "mediation" process in which **they did not trouble to document the conduct reported by Mrs. Killian**, while troubling to describe Mr. Ryan's account. Ex. 5 (Elizabeth Denevi "Mediation" Notes, Bates 2792); Ex. 6 (Mariama Richards "Mediation" Notes, Bates 2852[1]....  Indeed, the diversity coordinators did not even inform Mrs. Killian what Mr. Ryan himself said about the episode (Mrs. Killian was not aware of Mr. Ryan's account until discovery in this lawsuit. Ex. 4, Killian Affidavit, ¶ 4). Yet they both had to know Mrs. Killian "was confronting the frightening prospect of daily contact in the Art Department with someone in authority ... [she] believed had engaged in grossly offensive **conduct**.  It is difficult ... to believe they would have withheld information that might help allay [her] fears if they actually found the information to be remotely plausible." Ex. 4, Killian Affidavit, ¶ 7. (emphases added).

Plaintiff's Memorandum at 3.

Thus it is disingenuous for Defendant to assert that "the [diversity coordinators] do document Plaintiff's reported **complaints**." (emphasis added).  Defendant's Response at 1.  The record makes clear they did not trouble to document the substance of the very specific **complaint** deriving from Nick Ryan's behavior on February 20, 2004, when he said "'Sharon, I can't bend down low enough to the ground to understand you', while bending low in his chair and making ape-like gestures. Ex. 3, Killian Deposition at 302." Plaintiff's Memorandum at 3.

---

[1]The reference to Bates 2852 and accompanying quotation were mistaken; the reference should have been to notes taken by Ms. Richards appearing at Bates 2847 (* * * "[Mrs. Killian] felt that she had made the decision on his own. [Mr. Ryan] asked "What do you want?" - "I can't lower myself enough to please you."  He regrets this comment." * * *).

Respectfully submitted,

LAW OFFICE OF JOHN P. RACIN

/s/
John P. Racin   Bar No. 942003

1721 Lamont Street, N.W.
Washington, D.C.  20010
202.265.2516

Attorney for Plaintiff
Sharon Killian